UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MURUGANANANDAM ARUMUGAM,<br><br>Defendant. | Case No. CR19-41RSL<br><br>ORDER CONTINUING<br>TRIAL DATE |

This matter comes before the Court on the government's "Motion for an Order Addressing the Continuance of the Trial." Dkt. # 166. On June 17, 2020, over defendant's objection, the Court continued the trial date in this case to September 1, 2020. See Dkt. # 126. On August 26, 2020, the Court issued an order striking the trial date and ordering that the period of time from the date of the order up to and including September 8, 2020, be excludable time pursuant to 18 U.S.C. § 3161. Dkt. # 143 (citing W.D. Wash. Gen. Order Nos. 02-20, 11-20). On September 4, 2020, the Honorable Ricardo S. Martinez, Chief United States District Judge, issued General Order No. 13-20, further continuing all civil and criminal in-person hearings and trials in the Seattle and Tacoma Courthouses until October 5, 2020. Consequently, the Court issued an order further continuing the trial in this case and ordering that the period of time from the date of the order up to and including October 5, 2020, be excludable time pursuant to 18 U.S.C. § 3161. Dkt. # 144. On October 2, 2020, Judge Martinez issued General Order No. 15-20, extending the procedures established by General Orders No. 02-20 and 03-20 through January 1, 2021. Accordingly, the Court issued another order further continuing the trial date

ORDER CONTINUING TRIAL DATE - 1

and ordering that the period of time from the date of the order up to and including January 19, 2021, be excludable time pursuant to 18 U.S.C. § 3161. Dkt. # 147. The Court also noted that defendant was incarcerated in King County Jail pending a November 30, 2020 King County Superior Court trial date, and this detention rendered him unavailable for trial in the above-captioned matter. Dkt. # 147. On December 30, 2020, Judge Martinez issued General Order No. 18-20, extending the procedures established by General Order No. 15-20 through March 31, 2021. The Court issued another order on January 7, 2021, which continued the trial date in this matter to April 19, 2021 and ordered the time period from the date of the order up to and including April 19, 2021, be excludable time pursuant to 18 U.S.C. § 3161. Dkt. # 159. The Court had been advised at the time of the January 7, 2021 order that defendant remained incarcerated in King County Jail and was facing state criminal charges on three separate prosecutions. See id.

Judge Martinez extended the procedures established by General Order No. 15-20 again via General Order No. 04-21, issued on March 19, 2021. General Order No. 15-20 allowed for "one in-person criminal jury trial at a time at each of the district's two courthouses," and General Order No. 04-21 provided that in-person criminal trials would be scheduled starting May 17, 2021, which was after the then-existing trial date of April 19, 2021. General Order No. 04-21 also precluded "simultaneous in-person trials." The Court's last order continuing the trial date in this matter was issued on April 5, 2021, and it continued the trial date to July 19, 2021, and ordered the time period from the date of the order up to and including July 19, 2021, be excludable time pursuant to 18 U.S.C. § 3161. Dkt. # 165. Both the public health recommendations related to the ongoing COVID-19 pandemic and the defendant's pending King County Superior Court trial led the Court to find that the ends of justice served by continuing the case outweighed the best interest of the public and the defendant in a speedy trial. Id.

Since the Court's last order continuing the trial date, Judge Martinez issued General Order No. 10-21 on June 30, 2021, which discontinues the procedures of General Order No. 18-20 and provides that criminal trials may proceed as scheduled. Nevertheless, the government is

ORDER CONTINUING TRIAL DATE - 2

seeking that the trial date be continued because defendant remains incarcerated in King County Jail pending a trial currently scheduled for September 14, 2021. The government requests a new trial date approximately two months after September 14, 2021.

Now, therefore, the Court FINDS as follows:

1. The Court incorporates the facts set forth in the government's motion. Dkt. # 166. In particular, as of July 8, 2021, defendant's three sex offenses had been set for trial on September 14, 2021, in King County Superior Court, and defendant remains detained at the King County Jail. The Court therefore finds that proceeding with an earlier trial in the above-captioned matter would likely be impossible or would result in a miscarriage of justice, as set forth in 18 U.S.C. § 3161(h)(7)(B)(i).

2. Due to defendant's pending King County Superior Court trial, the Court specifically finds that the ends of justice served by continuing the trial in this case outweigh the best interest of the public and the defendant in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A).

3. The Court also finds that defendant's incarceration in another jurisdiction pending a state trial renders him unavailable to appear for trial in the above-captioned matter on the July 19, 2021 trial date previously scheduled. Pursuant to 18 U.S.C. § 3161(h)(1)(B), the delay resulting from defendant's trial in King County Superior Court constitutes a period of delay that the Court will exclude for speedy trial purposes.

IT IS THEREFORE ORDERED, that the trial date in this case be continued to November 29, 2021.

IT IS FURTHER ORDERED that the period of time from the date of this Order up to and including the new trial date, shall be excludable time pursuant to 18 U.S.C. § 3161, *et seq*.

DATED this 12th day of July, 2021.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge